UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-198 JVS (ADSx) | Date | April 5, 2019 |
|---|---|---|---|
| Title | Christopher Lowe v. Lifestyle Publications, LLC, et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Lisa Bredahl/Rolls Royce Paschal | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) <u>Order Regarding Motion to Remand</u>**

Plaintiff Christopher Lowe ("Lowe") filed a motion to remand this putative class action to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Mot., Docket No. 11. Defendant Lifestyle Publications, LLC ("Lifestyle") filed an opposition. Opp'n, Docket No. 15. Lowe replied. Reply, Docket No. 18.

For the following reasons, the Court **denies** the motion.

## I. Background

Lowe worked for Lifestyle as a magazine publisher for Lifestyle Del Mar magazine from February through approximately September 2018. Compl., Docket No. 1-2 ¶ 13. Lifestyle is a national magazine distribution company which hires individual "Employee Publishers" throughout the country who are expected to sell advertising space. Id. ¶ 14. Lowe alleges that Lifestyle misclassifies the Employee Publishers as independent contractors and maintains an unlawful compensation structure. Id. ¶¶ 15–27.

On January 15, 2018, Lowe filed this putative class action in Orange County Superior Court on behalf of all those who worked as magazine publishers for Lifestyle in California within four years of the filing of the Complaint. Id. ¶ 28. The Complaint alleges various violations of the California Labor Code, as well as related claims for unfair competition and declaratory relief. Id. ¶¶ 35–93. The Complaint seeks general, compensatory, and statutory damages; injunctive relief; statutory and civil penalties; restitution; declaratory relief; costs; interest; and liquidated damages. Id. at 19–20 (prayer).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-198 JVS (ADSx) | Date | April 5, 2019 |
|---|---|---|---|
| Title | Christopher Lowe v. Lifestyle Publications, LLC, et al. | | |

Lifestyle was served on January 24, 2019, and removed the action to this Court based on diversity jurisdiction on January 31, 2019. Docket No. 1. Lowe now moves for remand on the grounds that the Court lacks diversity jurisdiction because Lifestyle has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit of $75,000. Mot., Docket No. 11.

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

Pursuant to 28 U.S.C. § 1332, federal jurisdiction is proper so long as there is complete diversity between the parties and an amount in controversy in excess of $75,000. See, e.g., Orkin v. Taylor, 487 F.3d 734, 738 (9th Cir. 2007).

To satisfy the amount in controversy requirement under § 1332, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a). To measure the amount in controversy, a court must not only assume that allegations of the complaint are true, but must also assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Plaintiffs here did not demand a specific amount of damages in their state court Complaint. In such a situation, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . . [courts] apply a preponderance of the evidence standard." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). Moreover, the "defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum," and "must submit 'summary-judgment-type evidence' to establish that the actual amount in controversy exceeds $75,000." Kenneth Rothschild Trust, 199 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-198 JVS (ADSx) | Date | April 5, 2019 |
| Title | Christopher Lowe v. Lifestyle Publications, LLC, et al. | | |

2d at 1001 (citing Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). The defendant "cannot speculate," but this burden is "not 'daunting'" and does not require that defendant "research, state, and prove the plaintiff's claims for damages." Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (internal quotation marks and citation omitted). The defendant's evidence must establish "that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez, 102 F.3d at 404.

If the defendant meets this burden, then the burden shifts to the plaintiff, who must "show, as a matter of law, that it is certain he will not recover the jurisdictional amount." Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995)).

### III. DISCUSSION

Lifestyle's Notice of Removal provides that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because (1) Lowe is a California citizen; (2) Lifestyle is a Kansas LLC with two members, both of whom are Arizona citizens; (3) Lifestyle is not a California citizen; and (4) the amount in controversy exceeds $75,000. Docket No. 1 at 4. Lowe does not contest complete diversity of citizenship. Therefore, only the amount in controversy is in dispute.

Lifestyle calculates the amount in controversy to be approximately $117,471.30 for the following reasons. Lowe's first cause of action is for failure to reimburse business expenses in violation of Labor Code § 2802.[1] Compl., Docket No. 1-2 ¶¶ 35–39. Lowe alleges that Lifestyle charges a "non-refundable start-up fee" to Employee Publishers which he paid in February 2018. Id. ¶ 15. Lifestyle submits evidence that this start-up fee was $6,000. Declaration of Deland Shore ("Shore Decl."), Docket No. 15-1 ¶ 5, Exs. 1, 2. Lowe also alleges that "[w]hen [Lifestyle] believes that advertising revenue for a particular magazine is insufficient, [it] requires the Employee Publisher to pay the difference to [Lifestyle] in order to publish the magazine on time." Compl., Docket No. 1-2 ¶ 21. Lifestyle submits evidence that Lowe made a total of $17,081.30 in such deficit payments to Lifestyle. Shore Decl. ¶ 6, Exs. 3, 4. Finally, Lowe alleges that he was required to incur expenditures in carrying out his duties for Lifestyle for which he was

---

[1] All statutory citations in this Order refer to California statutes.

not reimbursed, including for "for the maintenance and gasoline for [his] automobiles, for cell phones, computers, dedicated phone lines, answering machines, office furniture, phone dialing software, magazine mock ups and displays, entertainment expenses, and internet usage." Compl., Docket No. 1-2 ¶ 37. Lifestyle estimates that $2,000 per month is a reasonable estimate for these operating expenses, adding a total of $14,000 to the amount in controversy. See Shore Decl. ¶ 8. Therefore, Lifestyle argues, Lowe's first claim places a total of $37,081.30 in controversy.

Lowe's third cause of action is for failure to pay minimum wage in violation of Labor Code §§ 1194 and 1197. Compl., Docket No. 1-2 ¶¶ 44–51. In addition, the cause of action seeks liquidated damages pursuant to Labor Code § 1194.2. Id. ¶ 49. Lowe alleges that he regularly worked over 60 hours per week and was not compensated for any work he performed for Lifestyle. Compl., Docket No. 1-2 ¶ 20. Lifestyle submits evidence that California's minimum wage during the relevant time period was $11 per hour for employers with 26 or more employees, which Lifestyle had. Request for Judicial Notice, Docket No. 16, Ex. A[2]; Shore Decl. ¶ 4. Therefore, at minimum wage, the first 40 hours Lowe worked each week would have been compensated at $11 per hour, totaling $440 per week in minimum wages owed. Lowe claims he worked from February through September 2018. Compl., Docket No. 1-2 ¶ 13. Assuming employment from February 15 to September 15, Lifestyle argues that Lowe worked approximately 30 weeks for a total of $13,200 in minimum wages owed. Lowe further claims entitlement to liquidated damages under Labor Code § 1194.2 in an amount equal to the wages unlawfully unpaid, with interest. Id. ¶ 49. Therefore, Lifestyle argues, another $13,200 is in controversy, excluding interest, bringing the total for this claim to $26,400.

Lowe's fourth cause of action is for failure to pay overtime in violation of Labor Code §§ 510 and 1194. Compl., Docket No. 1-2 ¶¶ 52–58. Lowe alleges that he worked in excess of 60 hours per week; therefore, Lifestyle estimates that Lowe claims that he worked 20 hours of overtime per week. Id. ¶ 20. At $16.50 per hour ($11 per hour x 1.5)

---

[2] Lifestyle submitted a Request for Judicial Notice ("RJN") in support of its opposition to Lowe's motion. RJN, Docket No. 16. Lifestyle seeks judicial notice of the Schedule for California Minimum Wage rate 2017–2023, published by the California Department of Industrial Relations at https://www.dir.ca.gov/dlse/faq_minimumwage.html. Id. This is a public document, the accuracy of which cannot reasonably be questioned. Therefore, Lifestyle's request is granted. Fed. R. Evid. 201(b)(1), (b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-198 JVS (ADSx) | Date | April 5, 2019 |
| Title | Christopher Lowe v. Lifestyle Publications, LLC, et al. | | |

for the 30 weeks between February 15, 2018 and September 15, 2018, Lifestyle estimates that Lowe's allegations place $9,900 of unpaid overtime in controversy.

Lowe's fifth cause of action is for waiting time penalties in violation of Labor Code §§ 201 and 202. Id. ¶¶ 59–65. Lowe alleges that Lifestyle violated § 201 by failing to pay him all wages due and owing immediately upon termination. Id. ¶ 61. Lowe seeks waiting time penalties under Labor Code § 203 for the statutory maximum of 30 days of wages. Id. ¶ 65. Therefore, Lifestyle argues, at $11 per hour for eight hours per day, the fifth cause of action seeks $88 per day for 30 days for a total of $2,640.

Lowe's sixth cause of action is for failure to provide accurate wage statements in violation of Labor Code §§ 226 and 1174.5. Id. ¶¶ 66–70. Lowe alleges that he is entitled to recover $50 for the initial pay period in which a violation of § 226 occurred, and $100 for each violation in subsequent pay periods, not to exceed $4,000 pursuant to § 226(e). Id. ¶¶ 68, 70. Lifestyle argues that, at 15 biweekly pay periods, Lowe's sixth cause of action places $1,450 in controversy.

Finally, Lowe seeks attorneys' fees under Labor Code §§ 221, 226, and 1194, and Code of Civil Procedure § 1021.5. Id. ¶¶ 39, 43, 51, 57–58. Lifestyle submits evidence that it's counsels' rates in this litigation are $250 per hour for partners and $215 per hour for associates, and estimates that Lowe's counsel charges similar rates. Declaration of Katherine Den Bleyker ("Bleyker Decl."), Docket No. 15-7 ¶ 2. Lifestyle also submits evidence that it has incurred approximately $24,729.50 in attorneys' fees to date. Id. ¶ 3; Declaration of Carrie Francis ("Francis Decl."), Docket No. 15-6 ¶ 2. Lifestyle estimates that Lowe has incurred in excess of $24,000 in attorneys' fees to date for investigation and drafting his class action complaint, his motion for remand, and his ex parte application to continue the L.R. 23-3 deadline. Bleyker Decl. ¶ 7. Therefore, Lifestyle estimates that it will incur fees in excess of $40,000 through the end of this litigation, and that Lowe will incur at least a similar amount.

Based on the foregoing, the Court finds that Lifestyle has met its burden of showing by a preponderance of the evidence that the amount in controversy in this action exceeds the jurisdictional minimum of $75,000. Lowe's arguments are insufficient to overcome Lifestyle's showing. First, Lowe argues that Lifestyle's Notice of Removal improperly included civil penalties for the second and seventh causes of action, which do not seek civil penalties. However, Lifestyle doesn't include such penalties in the

calculations submitted in opposition to the instant motion. Second, Lowe argues that Lifestyle's reimbursement expense calculations are speculative and unsupported. However, Lifestyle submits evidence in support of its calculations. Even if the $2,000 per month estimation for operations expenses is completely eliminated from the amount in controversy calculation, this action still places well in excess of $75,000 in controversy. Third, Lowe argues that Lifestyle's attorneys' fees calculations are speculative. The Court disagrees. Based on the Court's knowledge and experience with employment class actions, the Court finds Lifestyle's counsels' rates and estimations to be reasonable, and may even be below market. Even assuming, impossibly, that Lowe has not and will not incur any attorney's fees in this motion, the Court finds that Lifestyle has shown by a preponderance of the evidence that it will incur in excess of $40,000 in fees in this action, especially considering the fact that it has already incurred $27,729.50. And $40,000 in attorneys' fees is more than sufficient to place the amount in controversy in this action in excess of $75,000. Finally, Lowe argues that the Court improperly assumes a violation rate of 100%. However, even assuming a much lower violation rate, the amount in controversy still exceeds $75,000; furthermore, Lowe alleges that he "regularly" worked more than 60 hours per week, and that Lifestyle forced Employee Publishers like him to incur operating expenses "[a]s a matter of policy and/or practice." Compl., Docket No. 1-2 ¶¶ 37, 55. Therefore, the Court finds Lowe's violation-rate argument insufficient to overcome Lifestyle's amount in controversy showing.

In sum, Lifestyle has proven by a preponderance of the evidence that this action places more than $75,000 in controversy. Conservatively, the Court finds that Lifestyle has shown that $23,081.30 is in controversy in the first cause of action, $26,400 is in controversy in the third cause of action, $9,900 is in controversy in the fourth cause of action, $2,640 is in controversy in the fifth cause of action, $1,450 is in controversy in the sixth cause of action, and at least $40,000 is in controversy in attorneys' fees.

Because Lifestyle has met its burden, the burden shifts to Lowe to "show, as a matter of law, that it is certain he will not recover the jurisdictional amount." Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001. Lowe has not made such a showing with certainty. Accordingly, the motion to remand for lack of subject matter jurisdiction is denied. The Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1).

**IV. CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-198 JVS (ADSx) | Date | April 5, 2019 |
| Title | Christopher Lowe v. Lifestyle Publications, LLC, et al. | | |

For the foregoing reasons, the Court **denies** the motion.

    **IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb/rrp | |